UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.                                              5:99cv163-SPM

ROBERT M. FENDER, et al.,

    Defendants.
_____/

## AMENDED JUDGMENT

BEFORE THE COURT is the Plaintiff's motion to alter judgment (doc. 19) and its amended motion (doc. 21). On November 2, 1999, summary judgment was entered against Defendant, finding him indebted to Plaintiff in the amounts of $20,955.45 and $14,621.06 based upon two notes and mortgages. (doc.12) On December 17, 1999 a suggestion of bankruptcy was filed. (doc. 18) During the bankruptcy, Defendant failed to make certain post-petition payments which increased the amounts owed. Due to Defendant's failure to make these payments, Plaintiff was required to pay escrow advances for taxes and force place insurance and other costs, increasing the amount owed by Defendant.

The bankruptcy was discharged on July 11, 2007. According to a Certificate of Indebtedness submitted by Plaintiff, as of October 12, 2007, Defendant owed $10,176.64 plus interest accruing on the principal at one (1.0) percent per year or 27.28 cents per day on account 2176397 and $31,996.63

plus interest on the principal accruing at 6.750 percent or $4.9506 per day on account 2176384.

This Court has authority, under Federal Civil Procedure Rule 60, to revisit or alter a previous judgment for any of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect;" (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or "(6) any other reason justifying relief from the operation of the judgment." This present request is not for the purpose of revisiting the merits of the underlying foreclosure case. This request does not require a reexamination of the substantive laws at issue. It requires only an adjustment of the amount previously awarded in order to account for post-judgment expenses that were incurred while the Defendant was undergoing bankruptcy proceedings.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). Granting this request is squarely in line with judicial principles of equity and finality. Because "Rule 60(b) is to be given a liberal and remedial construction," this Court finds that the request is reasonable and necessary in order to provide full and complete justice to Plaintiff. Nisson v. Lundy, 975 F.2d 802, 807 (11th Cir. Ga. 1992) (citations omitted).

Based upon the increased amounts owed by Defendant due to the

intervening bankruptcy and Defendant's failure to make the post-petition payments as required during and after the bankruptcy, it is hereby ORDERED and ADJUDGED that the original Judgment entered on November 2, 1999 is hereby altered and an AMENDED JUDGMENT is entered against Defendant and in favor of Plaintiff in the amounts of:

$10,176.64, plus interest accruing on the principal of $9,921.67 at one (1.0) percent or 27.28 cents per day beginning on October 13, 2007 on account 2176397; and,

$31,996.63, plus interest accruing on the principal balance of $19,761.07 at 6.750 percent or $4.9506 per day on account 2176384.

DONE and ORDERED this <u>nineteenth</u> day of May, 2008.

                                    *s/ Stephan P. Mickle*
                                    Stephan P. Mickle
                                    United States District Judge